UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DERAY JEROME SMITH,

        Petitioner,

        Case No. 2:17-cv-176

v.

        Honorable Paul L. Maloney

CATHERINE BAUMAN,

        Respondent.

_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254, which is currently before the Court pursuant to a April 25, 2019, order by the Sixth Circuit authorizing this Court to consider a second or successive petition. (ECF No. 10.) Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

### I.     History of the Case

Petitioner DeRay Jerome Smith is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of felony murder and armed robbery. On February 17, 2004, the court sentenced Petitioner to respective prison terms of life without parole and 40 to 70 years' imprisonment.

Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 31, 2006. *See People v. Smith*, 477 Mich. 910 (2006). On November 19, 2007, Petitioner filed a motion for relief from judgment in the trial court, which was denied on April 16, 2008. *See People v. Smith*, No. 03-003196-02 (3d. Cir. Apr. 16, 2008). Petitioner's subsequent appeal was denied by the Michigan Court of Appeals. *See People v. Smith*, No. 290577 (Mich. Ct. App. July 28, 2009), and Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely on September 23, 2009. *Id.*

Petitioner filed a second motion for relief from judgment, which was denied by the trial court as second and/or successive on February 25, 2009, and the Michigan Court of Appeals rejected the application for leave to appeal on October 6, 2010, on the grounds that it was barred under MCR 6.502(G). *See People v. Smith*, No. 299374 (Mich. Ct. App. Oct. 6, 2010). The Michigan Supreme Court denied Petitioner's application for leave to appeal on the same grounds on June 28, 2011. *See People v. Smith*, 489 Mich. 971 (2011).

While Petitioner's second motion for relief from judgment was pending in the state court, Petitioner filed a habeas corpus petition in the Eastern District of Michigan on December 11, 2009. *See Smith v. Rapelje*, 2:09-cv-14876 (E.D. Mich.). On May 11, 2012, Petitioner's application for habeas corpus relief was dismissed as being barred by the one-year statute of limitations. *Id.*

Petitioner did not take any further action to challenge his conviction or sentence until 2017, when Petitioner filed the instant habeas corpus petition in this Court. Following review by the Court, Petitioner's application for habeas corpus relief was transferred to the Sixth Circuit as second or successive and the case in this Court was terminated. On April 25, 2019, the Sixth Circuit granted Petitioner's request for an order authorizing this Court to consider Petitioner's second or successive petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 10.) In the order authorizing this Court's consideration of the petition, it noted:

> In support of his motion, Smith relies on *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited mandatory life sentences without parole for juvenile offenders. Smith, who was eighteen years old when he committed his crimes, asserts that his sentence should be vacated based on the scientific research on brain development suggesting that penal consequences for young people should be approached differently.
>
> We may authorize the district court to consider a second or successive habeas petition if the applicant makes a prima facie showing that his proposed claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). "A prima facie showing, in this context, simply requires that the applicant make a showing of possible merit sufficient to 'warrant a fuller exploration by the district court.'" *In re Watkins*, 810 F.3d 375, 379 (6th Cir. 2015) (quoting *In re Lott*, 366 F.3d 431, 432-33 (6th Cir. 2004)). This prima facie showing "is not a difficult standard to meet." *In re Lott*, 366 F.3d at 432.
>
> In *Miller*, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth

> Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. *Miller* requires a sentencing court "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480. The Supreme Court has held that *Miller* announced a new substantive rule of constitutional law retroactively applicable on collateral review. *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016).
>
> Smith seeks to extend the rule announced in *Miller* to offenders who were eighteen years old at the time of their crimes. *See Cruz v. United States*, No. 11-CV-787, 2018 WL 1541898, at *25 (D. Conn. Mar. 29, 2018) (holding that *Miller* applies to eighteen-year-olds). Other circuits have held that whether a new rule "extends" to an applicant "goes to the merits of the motion and is for the district court, not the court of appeals." *In re Williams*, 759 F.3d 66, 72 (D.C. Cir. 2014); *see also In re Hoffner*, 870 F.3d 301, 309 (3d Cir. 2017) ("It is for the district court to evaluate the merits of the second or successive habeas petition in the first instance. This includes 'whether the invoked new rule should ultimately be extended in the way the movant proposes' or whether his 'reliance is misplaced.'") (quoting *In re Arnick*, 826 F.3d 787, 791 (5th Cir. 2016) (Elrod, J., dissenting)); *In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016) ("[I]t is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."). Smith has made a prima facie showing that his proposed claim relies on *Miller* to warrant authorization of a second or successive habeas petition; we leave the merits of that habeas petition to the district court.

*Id.* at PageID.100-102. On January 27, 2016, the Supreme Court held that *Miller* established a new substantive rule of constitutional law that applies retroactively. *Montgomery v. Louisiana*, –––U.S. ––––, 136 S.Ct. 718, 736 (2016).

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on October 10, 2017. (Pet., ECF No. 1, PageID.51.) The petition was received by the Court on October 12, 2017. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document

4

is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

## II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(C) provides the operative date from which the one-year limitations period is measured. As noted above, Petitioner seeks to extend the rule announced in *Miller v. Alabama*, 567 U.S. 460 (2012), which was decided on June 25, 2012, to offenders who were eighteen years old at the time of their crimes. In *Montgomery v. Louisiana*, which was issued on January 27, 2016, the Supreme Court held that *Miller* established a new substantive rule of constitutional law that applies retroactively. *Montgomery*, 136 S.Ct. at 736.

The limitations period on Petitioner's claim that his mandatory life sentence violates the Eighth Amendment began running on June 25, 2012, the date *Miller* was decided. This issue was specifically addressed in a recent decision by the District Court for the Eastern District of Michigan:

> . . . Taylor [the petitioner] says he has timely raised an Eighth Amendment claim. Taylor thinks recent Supreme Court precedent mandates he be resentenced. Back in 2012, the Supreme Court prohibited mandatory life sentences without possibility of parole for defendants who were under 18 years old when they committed their crimes. *See Miller v. Alabama*, 567 U.S. 460, 465, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012). And in 2016 *Miller* was made retroactive to cases on collateral review. *See Montgomery v. Louisiana*, ––– U.S. ––––, 136 S. Ct. 718, 732, 193 L.Ed.2d 599 (2016). And in 2018, Taylor says the Sixth Circuit, in *In Re Lambert*, No. 18-1726, 2018 U.S. App. LEXIS 25332 (6th Cir. Sep. 5, 2018), extended *Miller* to include defendants like Taylor, who were 18 when they committed their crimes. (ECF No. 14, PageID.1365.) So Taylor says *Miller* and *Montgomery*, extended by *In Re Lambert*, satisfy the criteria outlined in § 2244(d)(1)(C) for restarting his limitations period.
>
> *Miller* does not make timely Taylor's Eighth Amendment claim. Taylor was 18 when he committed his crimes. Yet *Miller* only applies to defendants who were under 18 at the time of the crime. *See Miller*, 567 U.S. at 465, 132 S. Ct. 2455. And *In Re Lambert* does not change the analysis. There, the Sixth Circuit allowed a successive habeas petition and left it for the district court to first analyze whether *Miller* applied to 18-year-olds. Even if *In Re Lambert* means exactly what Taylor says it means, a circuit court case recognizing a new right is no help to a habeas corpus petitioner like Taylor. On habeas corpus review, only the Supreme Court can recognize a new right. *See Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002). So § 2244(d)(1)(C) does not apply to Taylor's Eighth Amendment claim.

> And even if § 2244(d)(1)(C) did apply, Taylor's Eighth Amendment claim is still untimely. For one, in *Dodd v. United States*, the Supreme Court held that the portion of § 2255's limitations period functionally identical to § 2244(d)(1)(C) starts as soon as the right is recognized, even if the right is not made retroactive until later. *See* 545 U.S. 353, 357, 125 S. Ct. 2478, 162 L.Ed.2d 343 (2005); *see also Johnson v. Robert*, 431 F.3d 992, 992–93 (7th Cir. 2005). That means even if *Miller* applied to Taylor, Taylor's clock started running in 2012, when *Miller* came down. Taylor's limitations period expired long before he filed his petition. Plus, even if Taylor's read of § 2244(d)(1)(C) carries the day, Taylor's interpretation does not move the bottom line. *Montgomery* made *Miller* retroactive on January 25, 2016; Taylor petitioned on May 31, 2018. So even on Taylor's understanding of § 2244(d)(1)(C), his Eighth Amendment claim is untimely.

*Taylor v. Winn*, No. 18-11711, 2019 WL 2464529, at *2-3 (E.D. Mich. June 13, 2019).

The statute of limitations on Petitioner's habeas corpus claim expired on June 25, 2013, one year after the Supreme Court's decision in *Miller*. More than four years elapsed before Petitioner filed his habeas corpus action in this court on October 12, 2017. Moreover, even if the statute of limitations had not begun to run until January 27, 2016, when the Supreme Court decided *Montgomery v. Louisiana*, it still would have expired nearly ten months before Petitioner filed his habeas corpus action. Thus, absent tolling, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

7

circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

Petitioner does not claim that he is actually innocent of the crime for which he was convicted. Therefore, Petitioner is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.   Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

9

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Date:   August 5, 2019              /s/ *Maarten Vermaat*
                                    MAARTEN VERMAAT
                                    U.S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).